**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3318-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

GREGORY OLIVER,

      Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided March 17, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-04-0352.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Julie A. Serfess, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gregory Oliver appeals from a May 1, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our de novo review of the record and the application of well-established law, we conclude defendant failed to establish a prima facie case of ineffective assistance of counsel and affirm.

We affirmed defendant's conviction and sentence on direct appeal, State v. Oliver, No. A-5140-16 (App. Div. Feb. 18, 2020), certif. denied, 243 N.J. 517 (2020). Therefore, we are fully familiar with the facts and circumstances surrounding this matter. In the early morning hours of August 31, 2014, two victims were shot in the head. One victim, a male, was pronounced dead on the sidewalk and the other, a female, suffered non-fatal wounds while seated in a car. Id. at 2.

Defendant was indicted for: first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2), N.J.S.A. 2C:2-6, and N.J.S.A. 2C:2-3(d); two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and first-degree attempted murder, N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3(a) and N.J.S.A. 2C:2-3(d).

2

As summarized by the PCR court:

> [P]rior to the homicide, . . . defendant and his co-defendants were driving in a [BMW] that was allegedly shot at by a passing vehicle. The record showed that following this initial shooting, the co-defendants were able to exit the vehicle and then get into another vehicle and drive away, leaving the BMW with one of the women who were present with . . . defendant. The record also showed that at some point later in that evening, the woman in possession of the BMW was called by the owner of the vehicle to meet them at a specific location. Testimony at trial indicated that after they arrived at the new location, . . . defendant went into the trunk of the BMW and approximately 10 minutes later, several gunshots were heard.

Our review of the trial testimony on direct appeal revealed that a witness had testified that "a week or two after the shooting, she heard defendant state that he 'shot him in the eyeball.'" Oliver, slip op. at 5. The male victim's "injury was a gunshot wound that penetrated his eye." Id. at 14. Another witness testified that, earlier on the day of the shooting, she saw defendant with a "'a big grayish colored gun.'" Ibid.

In defense counsel's closing argument to the jury, he contended that the investigating detective and other witnesses lacked credibility. He further stated the evidence was weak and the State's case was based on speculation. Importantly, counsel stressed that defendant "was not present when the shooting took place." Counsel emphasized that the surviving victim and other witnesses

had testified that defendant walked away, was not seen at the scene of the shooting, or was not there when the shooting took place. Counsel suggested to the jury that defendant's absence from the scene explained why he had not initially been arrested.

Ultimately, defendant was convicted of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as a lesser-included offense of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2), N.J.S.A. 2C:2-6, and N.J.S.A. 2C:2-3(d); two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), as a lesser-included offense of first-degree attempted murder, N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3(a), and N.J.S.A. 2C:2-3(d); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). See id. at 2.

Defendant was sentenced to a twenty-year prison term, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the lesser-included offense of aggravated manslaughter; a seven-year concurrent term for unlawful possession of a weapon; and a consecutive seven-year sentence, also subject to a NERA parole ineligibility period, for aggravated assault. See id. at 23.

4

In our opinion on defendant's direct appeal, among other issues, we applied "a deferential standard of review to the judge's sentencing determination, [and] . . . f[ou]nd no error in the judge's identification and balance of the 'aggravating and mitigating factors that [we]re supported by competent credible evidence in the record.'" Id. at 26 (quoting State v. Grate, 220 N.J. 317, 337 (2005)). Moreover, we concluded "the judge properly applied the Yarbough factors in imposing a consecutive sentence for the aggravated assault."[1] Id. at 29 (footnote omitted).

Defendant filed a petition for PCR and later was assigned counsel. After hearing the parties' arguments, the PCR court issued a written decision accompanying its order denying defendant's petition without an evidentiary hearing.

Initially, the PCR court found defendant had not timely filed the petition under Rule 3:22-12(a)(1). Moreover, the court concluded that because defendant had filed a timely direct appeal, he had "access to legal resources to prepare for a PCR petition" and there was no "plausible" excuse for the late filing. Nevertheless, the court considered the merits of the petition.

---

[1] State v. Yarbough, 100 N.J. 627 (1985).

The PCR court considered defendant's contentions that he had been provided with ineffective assistance of counsel because of trial counsel's failure to: (1) "investigate and present the defense of self-defense"; (2) "ask for a self-defense charge to the jury"; (3) request "the lesser included offense of [p]assion-[p]rovocation [m]anslaughter be given to the jury"; (4) "ask for a third-party guilt charge be given to the jury"; (5) "object to certain testimonies"; and (6) "object to the trial prosecutors evoking jury sympathy during the closing argument."

The PCR court considered the "trial record" and arguments made "at sentencing" and determined that defendant "would not have [been] entitled to a self-defense claim as he would not have met the criteria to establish same." The court found defendant's self-defense "claim lack[ed] merit and [wa]s not supported by the record." The court concluded "even if defendant 'did reasonably believe' that he needed to shoot at the vehicle for fear of being shot again, he fail[ed] to satisfy the duty to retreat."

Further, as to a jury instruction regarding self-defense, the PCR court concluded the charge was "unwarranted" and trial counsel's trial strategy was to "avoid defendant admitting that he was the actual killer in this case."

A-3318-23

In addition, as to a jury instruction regarding passion/provocation manslaughter, the PCR court found "there [we]re no credible facts in the record to indicate" that defendant was fired upon and "even if [it] f[ou]nd[] that . . . defendant was reasonably provoked, . . . defendant . . . failed to provide evidence that he did not have sufficient time to cool off."

Further, as to "a third-party guilt instruction," the PCR court concluded that "defendant ha[d] not provided evidence that having this charge included would have altered the outcome of [the] trial." Moreover, the court noted that "[w]hile a defense counsel may attempt to place the blame of [a] client's conduct on another party, it does not necessarily establish that there was evidence in the record that there was in fact another actor."

In addition, as to trial counsel's decision not to object to certain testimony, the PCR court concluded that the failure to object was not prejudicial because it would not have "changed the outcome of the trial in [defendant's] favor."

Lastly, the PCR court determined that trial counsel's failure to object to the prosecutor's remarks during closing argument, and request a curative instruction were "not warranted" because the prosecutor's "closing remarks were based off of the evidence admitted."

The PCR court denied defendant's request for an evidentiary hearing because it found defendant "did not establish a prima facie case."

On appeal, defendant presents the following arguments for our consideration:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S PCR PETITION WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING BECAUSE THE COURT'S FINDINGS AS TO PASSION/PROVOCATION, SELF-DEFENSE, AND THIRD-PARTY GUILT JURY INSTRUCTIONS WERE NOT BASED ON "OBJECTIVE EVIDENCE IN THE RECORD." ADDITIONALLY, THE COURT IMPROPERLY ACTED AS THE "THIRTEENTH JUROR" WHEN, WITHOUT HEARING TESTIMONY, IT MADE CREDIBILITY DETERMINATIONS AND FOUND THAT TRIAL COUNSEL MADE STRATEGIC DECISIONS.

1. There Should Have Been Jury Instructions on the Lesser-Included Offense of Passion/Provocation and the Affirmative Defense of Self-Defense.

2. There Should Have Been a Jury Instruction on Third-Party Guilt Defense.

3. An Evidentiary Hearing At a Minimum Was Required Because [Defendant] Made a Prima Facie Case of Ineffective Assistance of Counsel and Because There Were Material Issues of Disputed Facts about Whether Trial Counsel's Decision Not To Argue Self-Defense Was Strategy.

A-3318-23

POINT II

THERE MUST BE A REMAND FOR THE PCR COURT TO CONSIDER PETITIONER'S UNADDRESSED ARGUMENT THAT APPELLATE COUNSEL WAS INEFFECTIVE. SEE STATE v. WEBSTER, 187 N.J. 254, 258 (2006). (Not Raised Below).

POINT III

DEFENDANT'S SENTENCE, WHICH WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS A "LATE ADOLESCENT" AT THE AGE OF 19 AT THE TIME OF THE OFFENSES, IS CRUEL AND UNUSUAL PUNISHMENT. THE WELL-ESTABLISHED SCIENCE SHOWS THAT THE LAW'S HEIGHTENED PROTECTIONS WHEN SENTENCING JUVENILES WHO COMMIT CRIMES SHOULD APPLY TO PERSONS AGED 18 TO 20. THEREFORE, THERE MUST BE A RESENTENCING IN ACCORDANCE WITH MILLER v. ALABAMA, 567 U.S. 460, 471 (2012). (Not Raised Below).

POINT IV

AT THE RESENTENCING, THE COURT SHOULD RECONSIDER THE CONSECUTIVE SENTENCES IN ACCORDANCE WITH STATE v. TORRES, 246 N.J. 246 (2021). (Not Raised Below).

When the PCR court does not hold an evidentiary hearing, it "is within our appellate authority" "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 421

9

(2004); see also State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

Under Rule 3:22-4,

> (a) First Petition for [PCR]. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this [R]ule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
>> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding;
>
> . . . .
>
> [(Boldface omitted).]

Under Rule 3:22-2,

> A petition for [PCR] is cognizable if based upon any of the following grounds:

(a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;

. . . .

(c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this [R]ule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to R[ule] 3:21-10(b)(5).

"Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).[2] "[I]t is not enough

---

[2] The Sixth Amendment to the Constitution of the United States provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

'[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).[3]

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

---

Article I, Paragraph 10 of the Constitution of the State of New Jersey provides: "In all criminal prosecutions the accused shall have the right . . . to have the assistance of counsel in his defense."

[3] In State v. Fritz, 105 N.J. 42 (1987), the New Jersey Supreme Court adopted the Strickland standards.

Under "the 'second, and far more difficult, prong,'" a defendant must show that his or her defense was prejudiced by counsel's purported ineffective assistance. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If a defendant fails to "make[] both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

A defendant "must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is held when "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). PCR "courts ordinarily should grant evidentiary hearings to resolve

ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Preciose, 129 N.J. at 462. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170.

Applying this well-established law, we consider each of defendant's arguments. We conclude there is no merit to defendant's argument that trial counsel was ineffective regarding the failure to request passion/provocation and self-defense jury instructions. In addition to the PCR court's determination that there was no factual support in the record for the instructions and, therefore, counsel was not ineffective for failing to request the instructions, we add that our review of the trial transcript reveals counsel's strategy rested on defendant not being at the scene of the shooting and, thus, not the shooter.

Under these circumstances, failing to request a passion/provocation instruction was not ineffective assistance of counsel because it would have been

14

contrary to trial strategy. "Passion/provocation manslaughter, [is] defined as '[a] homicide which would otherwise be murder . . . [but] is committed in the heat of passion resulting from a reasonable provocation[.]'" State v. Carrero, 229 N.J. 118, 128-29 (2017) (second and third alterations and omission in original) (quoting N.J.S.A. 2C:11-4(b)(2)). Counsel's strategy was not to explain why defendant acted but, instead, was to establish defendant was not at the scene and, therefore, could not have been the shooter.

Similarly, a self-defense jury instruction would have been counter to trial strategy because defendant would have had to establish his use of force was "justifiable." See N.J.S.A. 2C:3-4(a). However, the trial strategy was that he was not present and did not use force.

Moreover, we are not convinced defendant established that counsel was ineffective for failing to request a third-party guilt instruction. "A defendant of course may seek to prove that another agency produced the death with which he is charged." State v. Sturdivant, 31 N.J. 165, 179 (1959). However, it is not enough to offer "mere conjecture." Ibid. Here, as the PCR court found, there was no evidence of a third-party actor. Therefore, trial counsel's representation was not deficient for failing to request the charge. Moreover, defendant fails to

establish how the absence of the jury instruction, assuming the trial court would have provided it, prejudiced his defense.

Therefore, we conclude defendant failed to establish a prima facie case of ineffective assistance of counsel. Accordingly, we determine the PCR court did not abuse its discretion in denying defendant's request for an evidentiary hearing.

Next, we consider defendant's argument that a remand is necessary because the PCR court failed to address his argument that appellate counsel was ineffective for failing to argue "that it was plain error not to instruct the jury on passion/provocation." However, we are satisfied that the PCR court's passion/provocation analysis adequately addressed the argument. Moreover, given our de novo review, we conclude trial counsel was not ineffective for failing to request the charge and appellate counsel was not ineffective for failing to raise an argument about that charge. Further, any argument concerning the trial court's failure to sua sponte instruct the jury could reasonably have been raised on direct appeal and is barred. See R. 3:22-4(a) ("Any ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred.").

Lastly, as to sentencing, defendant argues resentencing is required because as a nineteen-year-old he was "a 'late adolescent'" and the sentence imposed "violates the federal and state constitutions' prohibition against cruel and unusual punishment," relying on Miller v. Alabama, 576 U.S. 460, 471 (2012), and State v. Zuber, 227 N.J. 422, 429 (2017).[4]  Also, he contends "[t]he sentencing court's consecutive sentencing analysis was not in accordance with" State v. Torres, 246 N.J. 246 (2021).

Defendant did not raise the "late adolescent" argument in his direct appeal even though Miller and Zuber were decided before our 2020 opinion on that appeal.  "Any ground for relief not raised in the proceedings resulting in the conviction . . . or in any appeal taken in any such proceedings is barred."  R. 3:22-4(a).  He did not make the "late adolescent" or Torres arguments before the PCR court.  It is a "well-settled principle that . . . appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions . . . raised

---

[4]  The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  Article I, Paragraph 12 of the Constitution of the State of New Jersey provides:  "Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishments shall not be inflicted. . . ."

on appeal go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Because defendant did not make the sentencing arguments he now presents in this appeal when he was before the PCR court on his PCR petition or before this court on his direct appeal, we decline to consider them.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3318-23